Good morning Maypoos the court. My name is Bill Rotsick and I represent Karen Penoza. I'd like to reserve four minutes if I may. All right, watch the clock. I'll also try to help you as well. I appreciate that. Pardon me. The first thing I'd like to talk about is the masterpiece cake shop case which we submitted as supplemental authority. A First Amendment case, what does that have to do with your case? What it has to do with is that both the First Amendment and the due process clause, and I'll cite the case that supports this, look to the neutrality of the decision-maker. Masterpiece at 1729 says that the First Amendment entitles a party to the neutral and respectful consideration of the party's claims in all the circumstances of the case. First Amendment case. Nothing earth-shattering on that point. No, no. I'm getting to Marshall v. Jericho, a due process case that we cited in our brief on the due process case, which also by the way involved an administrative agency, says at page 242, holds at page 242, that the requirement of quote neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process. So you think, as I understand it, that life-tenured U.S. district judges are incapable of looking at a Social Security record and determining whether an ALJ has followed the law or not. Is that your position? No. In a case where you won in district court? Absolutely. I take that, in other words, you've moved on to, I think, another question, as I understand it. Kind of the heart of the case. Fair enough. No, I get it. It's a little more complicated than that, if I may explain. I cited the Grant v. Shalala case. It's a Third Circuit case. It was authored by then-Judge Alito. And basically what he held in that case, looking at the Social Security Act, is that the review of federal judges, life-tenured federal judges, is not de novo in any real sense. Rather, what they are limited to is reviewing the findings and conclusions of the administrative agency. Well, my understanding is you agree with what the district court did in terms of sending the case back, correct? Absolutely. What you disagree with is, in your mind, the failure of the district court to conclude that this particular ALJ was completely biased. No, I would say not. I would say, and that's why I'm talking about Grant. If Grant is correctly decided, and it seemed reasonable, all a district court can do is review the findings and conclusions of the administrative agency. The administrative agency did not make, and I'll cite you why I think that, did not make findings and conclusions relating to bias. Did you ask for a ruling on that? Absolutely. And did you present that to the district court? Yes. So you're saying the district court should have said, whatever, I'll remand it. Yes. Well, on the issue of bias, they did present findings on the underlying disability claim. Sure, I understand that. And that was reversed. No, they didn't. The ALJ, and I have the page cited if you want it, the ALJ basically said, I consider all, and it's part of the decision, I cite the exact page, said, I consider all of the evidence submitted on bias to be irrelevant and I refuse to admit it. Well, but that's because we have SSR 13-1P because under that, the ALJ is not permitted to look at that evidence. He's supposed to send it off or she's supposed to send it off to the Division of Quality Services. Did you ask the ALJ to do that? No, it's supposed to be automatic. Well, and the Appeals Council level, it's supposed to be automatic. Did you ask that they do it? I asked that they reviewed the whole, I'm sorry, I keep hitting the thing. I asked that they reviewed the whole thing and raised the, my position is that SSR 13-1P is invalid because it's inconsistent with the regulations.  I've seen your argument that SSR 13, I'll just do a shorthand, is invalid because inconsistent with the CFR position, provisions, and I don't see anywhere a request that if we were to hold that SSR 13 is valid that we remand with an order to comply with it.  If we were to hold that SSR 13 is valid, I don't see any request by you in that event that we remand with an order to the AC that it send it over to the DQS. Are you okay with my initials? Yes, I get it. Under the SSR, for what it's worth, as I read it, the Appeals Council is automatically supposed to send it there. I understand that, but I'm asking you now, what are you asking us to do? I don't see anywhere in your briefing a request that we remand to the AC with instructions to refer to the DQS. No, my position is that the SSR is invalid. I understand that. So if you found that the SSR is just fine, presumably they've already done it to the DQS, but part of the problem is the DQS doesn't tell the claimant what they've ever decided, so I'll never know what they decide. I see. So the answer to my question is you are not requesting that we remand to the AC with a direction to send off to the... In the event that you found that the SSR was valid, no, I think it's already done. Okay. Anyway, just to complete where I started on this, sorry, what masterpiece... The district court and several district courts took the position that a lot of the data, and the district court did look at the 84 decisions that I submitted... And pointed out that it's statistical mishmash. We don't know how many... If you'll let me finish my question. Of course, of course. Pardon me. Thank you. He pointed out that we have no idea of the totality, the entire pie, if you will, of ALJ Sloan's decisions in the disability context. We don't know whether those are representative. We don't even know if they're the same kind of cases. You had the opportunity. The burden's on you. You're presenting this information. You didn't present any statistical expert to say that this is a valid picture of what this judge is like. So we're left with the general proposition that you don't want to appear in front of ALJs that you consider, on your own, to be biased without proof of whether they really are biased. What I believe the masterpiece... What's it called? What the masterpiece cake shop stands for is the proposition that in a case challenging the neutrality of an administrative decision-maker, it is not necessary to do a random statistically significant analysis... But what we're left with is your assertion, an assertion that you've made against at least two other Seattle-based ALJs, that they're biased, and you can't prevail on the merits in a Social Security disability case in front of these three ALJs, correct? That's your position? As to certain classes of claimants, yes. Okay. Okay. That's it. Let me ask you, then,  Because the counsel admitted the evidence but then made a ruling that was adverse to you. I'm sorry. I didn't mean to interrupt. No problem. We'll get into the system here soon. So they made an adverse decision, at least on the bias issue, and you appealed that to the district court. And what did you think the district court was going to do in considering your appeal? Since it now had the evidence in the record, it had the appeal counsel decision, and you're basically saying that that's a decision that was wrongly made. What I asked for and hoped to get was for the district court to remand it back to the commissioner with an order basically saying this should go to the appeals counsel and they should consider the merits of the generalized bias claim notwithstanding SSR 13, that basically they should follow... So in order to do that, what did the district court need to look at? It had to look at the record, right? They did have to look at the record, including the fact that nobody at the administrative level ever dealt with the substance of the claim, which I submit that under Masterpiece... Well, I guess it depends on how you consider the determination made by the appeals counsel, right? Well, the defendant, I cited the page, agreed that the appeals counsel did not consider the evidence and they couldn't under the SSR because it says it's out of their jurisdiction or their purview. Did the district judge respond to your argument that the SSR is invalid because inconsistent with the provisions of the CFR? No. Implicitly, I guess he did, because he ruled against you. Yes, I suppose so, but there is nothing in the opinion that suggests that it was considered, to be honest, and that's part of the issue. Help me with the argument as to why you think the SSR is invalid because inconsistent with the provisions of 20 CFR. Sure. And just so you know, you have three minutes left, but please answer the question. Okay. It's invalid what I'll call the 940 section. It's one of the two. It says, it talks about, and here I have the... It prohibits a judge from hearing a case if prejudiced against any party. What the SSR does, it adds to the words, any party. It says, with respect to a particular claim or claimant. And it says, and the Appeals Council cannot hear those cases. Any fair reading, I submit, of the 940 would... And indeed, that's what the Grant case said. Grant is also useful there, and I quote the language where they specifically say, you appeal to the Appeals Council, and then if you don't like what they do on the bias thing, you go to a district court. So what do we do with our deference? A-U-E-R, our deference. That is to say, we're required to give deference to the agency's interpretations of its own regulations. I understand that, and I quoted the Hallahan case which deals with that, that the exception to that is when it's contrary to the plain meaning. And I submit that there's no way to read the plain meaning. In other words, any party, any claim of bias means any party, any claim of bias. They've changed that to only certain claims of bias, and they've excluded from that definition. Okay, I get the argument. I won't detain you further. I will reserve my... All right. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Kaysen Ross for the Social Security Administration. Ms. Pinoza has not satisfied her burden to recuse her administrative law judge. ALJs, just like Article III judges, are presumed unbiased. And as this Court held in Bunel v. Barnhart, a party must present evidence of actual bias in order to recuse an ALJ. Ms. Pinoza offered no such evidence in this case, and even assuming the statistical evidence could be relevant, that evidence provides no basis for recusal here. The district court thus acted fully within its discretion in denying Ms. Pinoza's request to recuse the ALJ.  and plaintiff is unable to identify a single circumstance in which a judge has been recused on the basis on which he is articulating. Additionally, plaintiff invokes Masterpiece Cakeshop, which is inapposite for many reasons, one of which, obviously, it concerned viewpoint discrimination, but also that was not a recusal case. And indeed, the Supreme Court, in reversing the Colorado Court of Appeals, merely ordered reversal. It did not order any sense of recusal by the Colorado Civil Rights Commission. Essentially, plaintiff offers no reason why this court need disturb the district court's decision in this case. Can you help me with a couple of the statements made by your opposing counsel? He suggests that the appeals counsel has already referred the evidence of bias that he presented, the statistical evidence with respect to all these cases, has referred it to the Division of Quality Services. Do you have any knowledge on that point? The Division of Quality Services proceedings are not public. There are substantial privacy acts. Would the fact of a referral to the Division of Quality Services be public? No, sir. Why wouldn't that be? I understand why the proceedings might be private  but why should the referral be private? SSR 13 doesn't actually require a referral be made in every circumstance. It's up to the appeals counsel's discretion. Any particular party may also file a complaint with the Division of Quality Services claiming that the ALJ was biased in a generalized way. So both of those avenues would allow a party to seek relief before that internal division. Where does that leave his client, however, given where we are following the district court's ruling that there wasn't a need for remand back? So he won but he is appealing the remand to not go to a different ALJ. Correct. Well, for one, Your Honor, the reasons that plaintiff has offered that ALJ Sloan was biased in this case do not even apply to Ms. Pinozza herself. Well, they may or may not. He contends that her case falls in the category as to which this ALJ is systematically misapplying the law and, in his view, then he applies the label biased. Right or wrong? That's his argument. Correct. But the reasons for which plaintiff has argued that ALJ is misapplying the law are not the reasons that the district court found the ALJ erred in this case. Well, I understand that, too. So that just goes to say, in response to Judge McEwen's question, that plaintiff still may get relief on her Social Security claim on remand to the ALJ. There's no reason to suspect that ALJ was biased in this case. There were no statements made adversely to her specifically. And even assuming that all of the statements that plaintiff has culled from these other decisions are legally invalid, which that is an entirely separate question, those reasons do not apply to the facts of Ms. Pinozza's case. Well, you know, typically in a federal court case as opposed to an administrative review case, we very rarely reassign to another judge on remand. So my question here is, she gets another hearing on her merits, correct? Correct. So let's say she loses that. How would she be able to challenge the fairness or lack of bias with respect to the ALJ if she gets to that point? Because we don't know the answer here. Maybe if she got relief, it would be moot, I assume. Yes. Other than there may be an internal investigation. Correct. But if she loses, for example, on remand, then what are her remedies? Because now she says, now I really want to challenge this judge. Certainly, Your Honor, she would again have recourse to the Appeals Council and then to the District Court for judicial review. Would she really? Because under the SSR 13, the complaint that she has, I think the Appeals Council has no jurisdiction. It's the Division of Quality Services, if anything, that has jurisdiction. So I don't think she has any recourse to the Appeals Council. My understanding of Judge McEwen's question was of the merits of the benefits determination itself. Certainly, she would have appeal to the Appeals Council and to District Court. On that, of course. Correct. So the Appeals Council could either affirm or reverse the ALJ? Correct. And again... And can she make her arguments there, as they often do in immigration cases, look at these comments by the judge that reflect more than impatience, but sort of an invidious view of this kind of plaintiff? Would she make those arguments to the Appeals Council? Yes. Were the ALJ to have made any comments? Of course, plaintiff is unable to point to any such comments in this record. And even if there were, the Supreme Court in Lateke held and this Court subsequently, even as recently just earlier this year in United States v. McChesney, wry impatience or jocular comments made toward a particular party are no basis for recusal. Even in the decision of United States v. Johnson, exceptionally inflammatory information that a District Court judge might make against a particular party is no basis for recusal. And again, plaintiff points to no statements that were made during the administrative proceedings that would suggest that the ALJ was biased in this case. As the District Court explained, plaintiff's theory rests on mere speculation. There is simply some basis in plaintiff's mind that the ALJ was biased against her and that is the theory on which he has sought recusal. It is not actually based in any statement made against this particular claimant that the ALJ was biased. Now, part of the argument that I think the opposing counsel is making is that the Appeals Council  I'll call it, the statistical evidence that he presented. And that, of course, flies in the face of SSR 13. So his argument is that SSR 13 is invalid because inconsistent with certain provisions of 20 CFR. How do you respond to that? In two respects, Your Honor. For one, if we consider a broader level of generality, both the Supreme Court has instructed as well as this Court has held statements in prior cases or legal rulings in prior cases is no basis for recusal. So the SSR 13 is perfectly consistent with this Court's opinions in suggesting that a judge's rulings in prior cases would be no basis for recusal in a subsequent case. Second, the SSR itself Well, I'm not sure that that's right. Putting to one side this case, I'm not talking about this case. But if we have a judge who is consistently ruling against the government or consistently ruling against defendants and it's just an indisputable pattern, that may actually be grounds for a valid claim of bias. I'm not saying that's the case here. Now, Your Honor, to be sure, plaintiff identifies no example in which any court has ever held that. No, I understand that. But I'm responding to the argument you made that this is simply something that can't come up. That certainly in an extraordinary case, that is perhaps possible. But again, plaintiff points to no example in which it has happened. But SSR 13 is also fully consistent with the agency's regulations themselves. That's what I want you to talk about. So, for one, 20 CFR 404.940 and the analogous regulation in the other portion of the social security regulations require the ALJ and the Appeals Council to look solely to the facts of the claim and the claimant before it. And this makes eminent sense. For one, incredibly private information is involved in any social security benefits determination. So, it would be it would involve untold privacy implications for any particular party to invoke another claimant's record in his or her own case. Second, to require the Appeals Council to consider records in other cases could invite incredible burdens on the agency and would actually slow benefits determination in many other cases. Both of these reasons only underscore why the agency has attempted to minimize the delay for other claimants claims processing, as well as minimize privacy implications for those other claimants. In fact, the regulations themselves require any claimant's consent before any record may be provided in a subsequent case. A plaintiff is unable to point to any claimant's consent in investigating other records in this particular case, for example. I understand all of those commonsensical arguments, and they seem to me very good commonsensical arguments, but he's saying it's inconsistent with the text of a regulation. Could you address the text of the regulation? I don't have the text itself right before me, Your Honor. I can get it if you'd like. Isn't that the argument he's making? That SSR 13 is inconsistent with the text? SSR 13 is essentially how the agency resolves generalized bias claims. It were a claim of... I know, but he's arguing that it is inconsistent with the text of 20 CFR 404.970. And that's the text he says compels the conclusion for which he's arguing. Correct. That regulation, Your Honor, restricts what the Appeals Council will review to that which the Administrative Law Judge reviewed. Now, again, the Appeals Council's review will be limited to the record before the Administrative Law Judge his or herself. Just as this Court will only consider the record before a District Court on its appellate review, it's perfectly analogous to the circumstance of the Appeals Council's review. It will be limited to the record before the Administrative Law Judge, as pertained to that particular claimant. Now, the SSR 13 is thus fully consistent with that regulation and simply provides additional procedures by which claimants can proceed on generalized bias claims in the main as opposed to specific claims of bias of a specific ALJ. So, in that way, it's perfectly consistent with the regulations and simply clarifies how the benefit does not pertain to that particular claimant's claim for benefits. Okay. Well, if I can summarize your answer and you can tell me if this is the essence of what you're arguing, this particular section, 404.970, simply doesn't speak to the question that SSR 13 speaks to. Concerning generalized bias claims? That's correct, Your Honor. Okay. And if there are no further questions, we urge that you affirm the District Court's denial of Ms. Penosa's request to recuse the ALJ. Thank you. Thank you. It's got his time on it, I think. But, in any event, let me respond to something you said. What's crucial here is that the Appeals Council did admit all of the documents that he's saying they couldn't admit. They were prohibited. My point being, he's saying the sky will fall if it's admitted. They actually admitted it, but they're prohibited. No, he's saying the sky would fall if the Appeals Council were required to consider them as part of its determination of bias. And I addressed that kind of thing. They were admitted, and then the Appeals Council said there wasn't a basis for bias, correct? No, they were not permitted to. No, they didn't say that. But they admitted the documents. They admitted the documents, but they were prohibited from using them and they didn't use them. But what was their final determination on bias of this judge? They didn't address that because they couldn't address it. I talk about, just at pages 2 and 3 of my reply brief, I go through a textual analysis of both the 940 and 970 regulations, and I submit that you cannot reconcile the two. It's kind of as simple as that. Give me the language of the CFR that you say is irreconcilable. Sure. There's two of them. I'll say 404940 it says, and I'm with ellipses, an administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party. It goes on to say if you don't like the decision, you can present your objections to the Appeals Council as reasons why a new hearing should be held before another ALJ. The SSR changes any party to a particular party, and I go through that a particular party under the dictionary means literally one person, and that's, they change it, and then they say, and you can't, you don't have authority to do what you obviously had authority to do before. The use of any there could mean any party, meaning any particular party who is in front of the ALJ at that time. I think that language is susceptible to that interpretation. Also in the Grant case, Judge Alito then, which was a class action alleging general bias, he interpreted that section to say you can get a review from the Appeals Council, this is under 040, and then take it to federal court. So his interpretation is different. The district court said, based on the record, there wasn't evidence to suggest a remand to a different judge, but that didn't mean the commissioner couldn't do that. I'm just asking you, now it's going back, it's going back, what would be the procedure to ask the commissioner to assign to a different ALJ? I guess I could write a letter. Have you done that? I haven't. Why not? Their practice, so you'll know. I'm asking you, is there anything that would have prohibited you once you got that district court order of simultaneously pursuing this appeal and also saying to the commissioner, we need a different judge. No, I haven't done that, but I will say, and I think it's in what they call the HALACs or the POMs, which are their internal things, that when a case goes to Administrative Judge A and goes up on appeal, the first time around when it comes back, it goes back to Administrative Judge A if there's yet another appeal. The third time around, they'll send it to somebody differently. But their general practice is it goes back to the same person. I could ask. Thank you. You've well exceeded your time. I appreciate the argument. Thank both counsel for your argument today. Penoza v. Berryhill is...
judges: Hawkins, McKeown, W. Fletcher